IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF COLUMBIA

| | |
|---|---|
| DOUGLAS DWAYNE NELSON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>COLUMBIA COUNTY SHERIFF'S OFFICE, a department of Columbia County, COLUMBIA COUNTY, a political subdivision of the state of Oregon, CORRECT CARE SOLUTIONS, LLC, a Tennessee corporation, SCHRYVER MEDICAL, a Maryland corporation, TRIDENTCARE, a Maryland corporation, MDX-MDL HOLDINGS, LLC, a Maryland corporation, and ELLIOT JAY WAGNER, M.D., an individual,<br><br>    Defendants. | Case No. 20CV35094<br><br>**COMPLAINT FOR PERSONAL INJURIES AND REQUEST FOR JURY TRIAL**<br><br>Prayer: $350,000.00<br><br>Not Subject to Mandatory Arbitration Pursuant to ORS 36.400 to 36.425 *et seq.*<br><br>Fee Authority: ORS 21.160(1)(c) |

FOR PLAINTIFF'S CLAIM FOR RELIEF HEREIN, Plaintiff alleges as follows:

1.

The amount in controversy does exceed the sum of $50,000; and, therefore, the present action is not subject to mandatory arbitration.

2.

Plaintiff Douglas Dwayne Nelson (hereinafter referred to as "Plaintiff"), an individual, is a resident of Columbia County, Oregon.

Page 1 – COMPLAINT

Exhibit 1
Page 1 of 6

3.

Defendant Columbia County Sheriff's Office was, at all times material duly licensed and authorized to conduct business in Oregon. Columbia County Sheriff's Office was, at all times material an agent of Columbia County.

4.

On information and belief, Defendants Columbia County and the Columbia County Sheriff's Office, at all times material, owned and/or managed and/or exercised control over the Columbia County Jail located at 901 Port Ave, St Helens, OR 97051.

5.

Defendants Columbia County and the Columbia County Sheriff's Office including its agents and employees for whom it was responsible, owned, managed and maintained the Columbia County Jail located at 901 Port Ave, St Helens, OR 97051 under the authority of Columbia County.

6.

Defendants Columbia County and the Columbia County Sheriff's Office contracts work from medical provider Correct Care Solutions, LLC.

7.

Correct Care Solutions, LLC, is based in Nashville Tennessee, with a registered agent for Oregon located in Portland, Oregon.

8.

On information and belief, Defendant Schryver Medical, was by contract to review x-rays and other diagnostic imaging for Correct Care Solutions, in relation to inmates in Columbia County Jail. Defendant Schryver Medical reviewed an x-ray of Plaintiff's hip on November 1, 2018, and failed to diagnose an obvious fracture in plaintiff's x-ray.

9.

Defendant Elliot Jay Wagner, M.D. (hereinafter referred to as "Defendant Wagner"), is

Page 2 – COMPLAINT

Exhibit 1
Page 2 of 6

1 the doctor that personally reviewed Plaintiff's x-rays and failed to diagnose plaintiff's fracture.

10.

Plaintiff was incarcerated at the Columbia County Jail from October 30, 2018 to November 8, 2018.

11.

At all times relevant, Plaintiff was in custody at the Columbia County Jail and his medical care was provided by and controlled by Defendant Columbia County Sheriff's Office, Defendant Columbia County, Defendant Correct Care Solutions, Defendant Schryver Medical, and Defendant Wagner.

12.

On or about October 31, 2018, Plaintiff attempted to climb down off of his top bunk. There was no ladder or equipment to aid in the getting on and getting off of the top bunk in Plaintiff's cell. Plaintiff fell while attempting to climb down off of his top bunk and hit a stool injuring his hip. Plaintiff complained to staff and voiced his concern of a broken hip at the time of the fall. Staff did not order x-rays until the next day when Plaintiff could not get up from the floor. Plaintiff asked to be taken to the emergency room, but was told, "there was nothing in the assessment that made an emergent trip to the emergency room." After x-rays were taken, the conclusion was that Plaintiff had mild osteoarthritis of the right hip and mild osteoarthritis of the lumbar spine. Notes were made stating the hip x-ray showed no acute abnormality.

13.

Eight days after Plaintiff's fall, upon release from the Columbia County Jail, Plaintiff checked in to Oregon Health and Science University (OHSU).

14.

OHSU diagnosed Plaintiff's injury as a pelvic fracture with up to 8 mm of gapping between fragments.

**FIRST CLAIM FOR RELIEF**

**(Negligence – against Columbia County and Columbia County Sheriff's Office)**

15.

Plaintiff incorporates by reference and realleges paragraphs 1 through 14 above.

16.

The Columbia County Jail was negligent in one or more of the following particulars:

a. In failing to provide a proper way to climb onto and off of the top sleeping bunk;

b. In failing to provide a safe environment for its inmates; and

c. In failing to provide timely medical treatment for its inmates.

**SECOND CLAIM FOR RELIEF**

**(Premises Liability – against Columbia County and the Columbia County Sheriff's Office)**

17.

Plaintiff incorporates by reference and realleges paragraphs 1 through 14 above.

18.

Defendant Columbia County and the Columbia County Sheriff's Office failed to maintain safe premises for inmates by:

a. Failing to provide a safe means for climbing onto and off of the top sleeping bunk, thereby creating an unreasonably dangerous and reasonably foreseeable hazard to plaintiff.

**THIRD CLAIM FOR RELIEF**

**(Negligence – against all Defendants)**

19.

Plaintiff incorporates by reference and realleges paragraphs 1 through 14 above.

20.

Columbia County, The Columbia County Sheriff's Office and their medical staff were negligent in the care of Douglas Dwayne Nelson in one or more of the following ways:

   a. In failing to treat to Plaintiff's complaints of pain and possible injuries;
   b. In failing to provide timely medical care to Plaintiff; and
   c. In failing to properly diagnose Plaintiff.

## FOURTH CLAIM FOR RELIEF

### (42 U.S.C. § 1983—against all Defendants)

21.

Plaintiff incorporates by reference and realleges paragraphs 1 through 14 above.

22.

Defendant Columbia and its agents, were deliberately indifferent to Nelson's serious medical needs as follows:

   a. In providing medically unacceptable treatment for Nelson's injury;
   b. In making knowingly false representations in response to Nelson's grievances to justify their substandard treatment of him.

23.

As a result of defendants' deliberate indifference, defendants violated Nelson's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Defendants' failure to treat Nelson's fractured pelvis put Nelson at risk of increased pain and further injury. Defendant Columbia County, the Columbia County Sheriff's Office and their agents knew or should have known that failing to promptly provide adequate care to Plaintiff would result in his suffering physical harm and severe physical and mental pain and suffering.

Page 5 – COMPLAINT

Exhibit 1
Page 5 of 6

24.

As a result of defendants' violation of Nelson's Constitutional rights, Nelson suffered physical harm and severe physical and mental pain and suffering. Accordingly, Nelson is entitled to economic and non-economic damages against defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for Nelson's attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**PRAYER**

WHEREFORE, Plaintiff prays for Judgment in his favor and against Defendant as follows:

a) For non-economic damages in a sum which a jury determines to be reasonable, but not to exceed the sum of $350,000.00;

b) For Plaintiff's costs and disbursements incurred herein; and,

c) Any further relief the Court deems just and equitable.

DATED this 12th day of October, 2020.

*Neal Weingart*
Neal Weingart – Attorney at Law, LLC
1050 SW Sixth Ave. Suite 1415
Portland, OR 97204
Phone: 503-379-9933
neal@nealweingartlaw.com
Attorney for Plaintiff

Page 6 – COMPLAINT

Exhibit 1
Page 6 of 6