UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DOUGLAS DWAYNE NELSON,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA COUNTY, a political<br>subdivision of the state of Oregon,<br><br>Defendant. | Case No.: 3:20-cv-01906-YY<br><br><br>ORDER |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Youlee Yim You issued a findings and recommendations ("F&R") in this case on December 29, 2025, recommending that defendant Columbia County's motion for summary judgment be denied as to plaintiff Douglas Dwayne Nelson's medical negligence claim and granted in all other respects. Defendant filed objections to the F&R, arguing that its motion for summary judgment should be additionally granted as to the medical negligence claim. This matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). For the reasons described below, the Court adopts the F&R in full.

## LEGAL STANDARD

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). When a magistrate judge issues a findings and recommendation report, and a party files objections, "the court shall make a de novo determination of those portions of the report." *Id.* No specific standard of review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). However, the Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory

1

committee's note to 1983 amendment.

## PROCEDURAL BACKGROUND

On December 29, 2025, Judge You issued an F&R, ECF 104, addressing defendant Columbia County's motion for summary judgment, ECF 79, which seeks summary judgment on all four of plaintiff's claims. The F&R recommends granting defendant's motion as to three of those claims: (1) premises liability; (2) state law negligence regarding the design of the jail's bunk beds; and (3) Section 1983 *Monell* liability. F&R 11-30. However, the F&R recommends denying defendant's motion as to plaintiff's medical negligence claim. *Id.* at 4-11, 30.

On February 3, 2026, defendant filed objections to the F&R, ECF 109 ("Def. Objs."), contesting the portion concerning plaintiff's medical negligence claim. Plaintiff did not file objections or respond to defendant's filing. No objections have thus been filed as to the portions of the F&R recommending that this Court grant defendant's motion on plaintiff's premises liability, state law negligence, and Section 1983 claims. This Court has therefore reviewed for clear error the portions of the F&R granting defendant's motion as to these three claims and, finding none, conducts a de novo review of the portion concerning the medical negligence claim.

## DISCUSSION

Defendant primarily argues that the F&R erred in concluding that defendant is vicariously liable for the acts of the medical providers with whom it contracted. *See* Def. Objs. 4. The F&R reasoned that defendant has a non-delegable statutory duty to provide for the health and safety of incarcerated persons in its custody and, accordingly, cannot be "insulated from potential liability for the medical care plaintiff received while incarcerated at the jail simply because the County had contracted with [outside providers] for those services." F&R 7. Citing to the Second Restatement of Torts, defendant argues that its duty "is not to provide aid but to get the prisoner in the hands of a health care professional who has the expertise to provide the aid." Def. Objs. 4 (citing Restatement (Second) of Torts § 314A). Defendant thus argues that

2

it satisfied this duty by contracting with an outside medical provider and that it cannot be held vicariously liable for the negligence of that outside provider's employees.

In support of this argument, defendant cites to *Turner v. Multnomah Cnty.*, No. 3:12-cv-01851-KI, 2013 WL 5874570 (D. Or. Oct. 30, 2013) and *Nordenstrom for Est. of Perry v. Corizon Health, Inc.*, No. 3:18-cv-01754-HZ, 2021 WL 2546275 (D. Or. June 18, 2021). *See* Def. Objs. 5. However, neither case addressed the scope of a county's nondelegable statutory duty to provide for the health and safety of incarcerated persons. In *Turner*, the plaintiff argued that a state prison was vicariously liable for the negligence of a nurse practitioner working as an independent contractor. 2013 WL 5774570, at *1, 5. The plaintiff "cite[d] no statutes," but contended that the prison "had a duty under the Eighth Amendment of the U.S. Constitution and Article I of the Oregon Constitution to provide adequate medical care to its prisoners." *Id.* at *5. With no statutory duty before it, the *Turner* court declined to find the "nondelegable duty doctrine [applied] in the context of medical care in a prison." *Id.* But as *Turner* expressly acknowledges, "[o]ne type of nondelegable duty is imposed by statute." *Id.* And that is precisely what the F&R found here. *Turner* is thus of little aid.

*Nordenstrom* also fails to support defendant's argument. While the plaintiff in *Nordenstrom* similarly argued that a county should be held vicariously liable for negligent medical care provided to an incarcerated person by an independently contracted nurse, the plaintiff did not argue that this liability was based on the county's nondelegable duty. 2021 WL 2546275, at *21. Applying standard tort principles, the *Nordenstrom* court found that the plaintiff did not "offer any evidence to support her allegation that [the] County controlled how the [contracted] nurses" provided care. *Id.* It did not address whether the county was vicariously liable pursuant to a nondelegable statutory duty.

However, the *Nordenstrom* court did address the county's nondelegable statutory duty more generally—and in fact found for the plaintiff on the issue. Looking to Oregon Revised Statute § 169.140, the court found that the county "staff had a special relationship to [the incarcerated person] that required them to take reasonable actions under the circumstances to provide necessary medical aid to him." *Id.* at *20-21. The county defendant argued that its staff "took reasonable steps under the circumstances to ensure

3

[the incarcerated person] was in the hands of someone competent to care for him given the degree of his illness" and that the county therefore discharged its duty to provide necessary medical aid "by putting [the incarcerated person] in the hands of the [contracted] nurses." *Id.*  However, the court found that there was "a question of fact as to whether it was reasonable to rely on [the contracted] nurses alone" and denied the county defendant's motion for summary judgment on the issue.  *Nordenstrom* could thus be read to support the F&R's reasoning as easily as it could be read to cut against it.

Several other cases from this circuit lend further support to the F&R's reasoning.  For example, in *Harrelson v. Dupnik*, the District of Arizona found that the county defendant owed the incarcerated plaintiff a non-delegable duty to provide medical and mental health care.  970 F. Supp. 2d 953, 973 (D. Ariz. 2013). The *Harrelson* court found that the county could not satisfy this duty by delegating the provision of such care to contractors because, "[w]hen there is a non-delegable duty, the principal is vicariously liable for the negligence of an independent contractor and the independent contractor is the principal's agent as a matter of law." *Id.* (citing *Wiggs v. City of Phoenix*, 198 Ariz. 367, 370-71 (2000)); *see also Hawkins v. Wellpath*, No. 6:23-cv-01968-JR, 2025 WL 4643989, at *5 (D. Or. July 8, 2025) (collecting cases), *report and recommendation adopted* 2026 WL 562067 (D. Or. Feb. 27, 2026).

Other courts have highlighted this nondelegable duty when addressing comparative fault and contributory negligence defenses.  In *Tapia v. NaphCare Inc.*, for example, the Western District of Washington reasoned that that the county defendant owed "a nondelegable duty to provide medical care to a prisoner in custody," and that it therefore could not "shed [its] affirmative duty" through a comparative fault defense.  No. C22-1141-KKE, 2025 WL 296575, at *4 (W.D. Wash. Jan. 24, 2025).  In *Rapp v. Naphcare Inc.*, another court in the Western District of Washington likewise found that the county defendant could "not assert a contributory negligence defense as to Plaintiffs' claims against [the] County because it maintain[ed] a nondelegable duty to protect the health, welfare, and safety of inmates in its custody." No. 3:21-cv-05800-DGE, 2025 WL 306183, at *3 (W.D. Wash. Jan. 27, 2025).  The *Rapp* court partially based this finding on a recent Washington Supreme Court case which "held that when an entity with a nondelegable duty of care contracts performance of that duty to another actor, the ultimate duty *and*

*vicarious liability* remains with the contracting entity." *Id.* at *2 (citing *Estate of Essex by & through Essex v. Grant County Public Hospital District No. 1*, 546 P.3d 407, 411 (Wash. 2024)) (emphasis added). Applying *Essex* to the facts at hand, the court reasoned that

> Here, it is [the] *County* that holds the nondelegable duty of a jailer to protect the health, welfare, and safety of inmates . . ., and although it has contracted performance of the healthcare aspect of that duty to [an independent contractor], under the logic of *Essex,* [the] County remains liable for any negligent performance of that duty.

*Id.* While these cases do not directly address the same question at issue here, their reasoning is quite similar to that of the F&R. Where a county owes a nondelegable duty to provide certain care, it "is not insulated from potential liability," by contracting with another to provide that care. F&R 7.

In view of this authority, this Court agrees with the F&R's reasoning and conclusion. Oregon law requires "[t]he keeper of each local correctional facility" to supply "necessary medical aid" for "all prisoners in the custody of the keeper." Or. Rev. Stat. § 169.140. And "when the employer of the independent contractor is under a *statutory* duty to protect the safety of others, that statutory duty is nondelegable" and thus exempted from the general rule that employers cannot be held liable for the negligence of their independent contractors. *Cain v. Bovis Lend Lease, Inc.*, 817 F. Supp. 2d 1251, 1273 (D. Or. 2011) (citing *Johnson v. Salem Title Co.*, 246 Or. 409, 413-14, 425 P.2d 519 (Or. 1967)). Because defendant owed plaintiff a nondelegable duty to provide for his medical care, defendant cannot escape liability on the medical negligence claim. The F&R is therefore adopted in full and defendant's motion for summary judgment is denied as to plaintiff's state law medical malpractice claim.

//

//

//

//

//

//

//

5

**CONCLUSION**

Having undertaken a de novo review of the objected-to portions of the F&R and underlying record, as well as a review for clear error of the unobjected-to portions of the F&R, the Court ADOPTS the F&R, ECF 104, in full.  Defendant's motion for summary judgment, ECF 79, is DENIED as to plaintiff's state law medical malpractice claim and GRANTED as to all other claims.

IT IS SO ORDERED.

DATED this 2nd day of July, 2026.

Adrienne Nelson
United States District Judge